**Andrew GOETZ and Catherine Goetz as parents and personal representatives of Hayden L. Goetz, Petitioners–Ap-pellants,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Re-spondent–Appellee.**

**No. 00–5019.**

United States Court of Appeals, Federal Circuit.

Jan. 25, 2001.

828

Before LINN, Circuit Judge, FRIEDMAN and PLAGER,* Senior Circuit Judges.

PLAGER, Senior Circuit Judge.

In this case, Petitioners Andrew and Catherine Goetz (the Goetzes) filed a petition under the National Vaccine Injury Compensation Act of 1986, 42 U.S.C. §§ 300aa–1 to –34 (1994) (Vaccine Act), more than two years after the statute of limitations had run. The special master assigned to the case dismissed the petition as untimely, determining that the Goetzes were not entitled to equitable tolling of the statutory time limitation because they had failed to act with due diligence in pursuing their claim. The Court of Federal Claims affirmed the special master's decision. We *affirm.*

## BACKGROUND

On March 12, 1999, the Goetzes, as legal representatives of their son Hayden, filed a petition in the Court of Federal Claims seeking compensation under the Vaccine Act for injuries suffered by their son allegedly as a result of Diphtheria–Pertussis–Tetanus (DPT) vaccinations he received on July 6, August 31, and November 19, 1993. Pursuant to section 16(a)(2) of the Vaccine Act, 42 U.S.C. § 300aa–16(a)(2), a petition must be filed within thirty-six months after the first occurrence of symptoms. Thus, even if Hayden's symptoms did not occur until the third vaccination, the Goetzes should have filed their petition by November 19, 1996. Consequently, their March 1999 petition was filed over two years late.

Although the Goetzes observed Hayden's symptoms after each vaccination and noticed subsequent developmental delays, they were unaware that Hayden's condition might have resulted from his DPT vaccinations until August 1997, when a

* Judge Plager assumed senior status on November 30, 2000.

physician suggested that Hayden's condition might be vaccine-related. In September 1997, at a seminar on vaccine injuries, the Goetzes learned about the three-year statute of limitations, and realized that it had run for a claim under the Vaccine Act. The Goetzes also learned at the seminar that Congress was considering an extension to the statute of limitations. In November 1997, a doctor diagnosed Hayden with an injury caused by DPT vaccinations. The Goetzes attempted to find legal representation in order to file a claim under the Vaccine Act. They retained their present counsel in December 1998 and filed a petition for compensation under the Vaccine Act on March 12, 1999.

Before the special master, the Goetzes argued that the statute of limitations should be equitably tolled from November 1993 to August 1997, and therefore their claim should be allowed to proceed. The special master disagreed. Specifically, the special master found that the Goetzes failed to exercise due diligence between August 1997, when they first learned of a possible link between Hayden's condition and the DPT vaccinations, and March 1999, when they eventually filed their claim. Having found that the Goetzes' failure to exercise due diligence barred application of the doctrine of equitable tolling, the special master dismissed the Goetzes' petition as untimely. *Goetz v. Sec'y of Dep't of Health & Human Servs.*, 45 Fed.Cl. 340 (1999).

The Court of Federal Claims affirmed the special master's decision dismissing the Goetzes' petition. *Goetz v. Sec'y of Health & Human Servs.*, 45 Fed. Cl. 340 (1999). While deferring to the special master's finding regarding due diligence, the court further found that the Goetzes had not stated grounds for equitable tolling. The court determined that the absence of a diagnosis linking Hayden's condition to his vaccinations did not, as the Goetzes alleged, constitute adversarial misconduct, one of the situations in which courts have allowed equitable tolling in suits against the Government. *Id.* at 342 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)).

The Goetzes appeal. This court has jurisdiction pursuant to 42 U.S.C. § 300aa–12(f).

## DISCUSSION

The Vaccine Act provides that the Court of Federal Claims may reverse the decision of a special master only if that decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 42 U.S.C. § 300aa–12(e)(2)(B). We apply that same standard when reviewing the judgment of the Court of Federal Claims. *See Munn v. Sec'y of Dep't of Health & Human Servs.*, 970 F.2d 863, 870 & n. 10 (Fed.Cir.1992) (explaining standards of review in Vaccine Act cases).

■ This appeal presents the legal question of whether § 300aa–16(a)(2) is susceptible to equitable tolling, an issue not previously decided. We need not reach that issue in this case, however. Nor must we decide whether the Goetzes have alleged grounds that would justify applying equitable tolling, such as filing a defective pleading or being induced or tricked by an adversary's misconduct, *see Irwin*, 498 U.S. at 96. Even if equitable tolling were available to the Goetzes in their situation, we agree with the Court of Federal Claims that the special master's finding of a lack of due diligence was not arbitrary, capricious, or an abuse of discretion, and precludes the application of equitable tolling. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

A statute of limitations by its nature contains an element of harshness because it is meant to foreclose suit by the mere passage of time. Equitable tolling may in some cases alleviate the apparent harshness of a statute of limitations, but it is an extraordinary remedy used by courts only sparingly. *See Irwin,* 498 U.S. at 96. For example, it may be applied in cases in which the complainant has been tricked or induced by his adversary's misconduct. *Id.* This is not such a case. By September 1997, the Goetzes had notice that the statutory deadline for filing their claim had already passed, yet they waited until March 1999 to file their petition. Neither the Goetzes' search for legal representation nor their hope that Congress would amend the statute of limitations justifies an eighteen-month delay in filing their already-barred claim. On the facts of this case, we cannot say that the conclusion that the Goetzes failed to exercise due diligence in filing their petition was error. Accordingly, we must affirm the judgment of the Court of Federal Claims.